UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KASEEM STEPHENS, KORELL BATTLE, LORENZO HERION, and DAYQUAN ROBINSON, | ) ) ) ) | Civil Action No.: 4:17-cv-3482-JFA-TER |
| Plaintiffs, | ) ) ) | |
| -vs- | ) ) ) | **ORDER** |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, WARDEN LEROY CARTLEDGE, Individually and in his Official Capacity as Warden of McCormick Correctional Institution, and WARDEN MICHAEL STEPHAN, Individually and in his Official Capacity as Warden of McCormick Correctional Institution, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## I.    INTRODUCTION

Plaintiffs are four inmates currently within the South Carolina Department of Corrections

(SCDC) who were all housed at one time in the McCormick Correctional Institution (MCI).  They

each allege constitutional violations under 42 U.S.C. § 1983 and state law claims under the South

Carolina Tort Claims Act (SCTCA),  S.C.Code Ann. §§ 15–78–10 et seq.  arising from attacks they

suffered at the hands of other inmates.  Plaintiffs originally filed this action in the Court of Common

Pleas, McCormick County, South Carolina, and Defendants removed the action to this court and

filed a Motion to Sever (ECF No. 5).  Plaintiffs then filed an Amended Complaint[1] (ECF No. 9), and

Defendants filed new Motions to Sever (ECF Nos. 12, 16).  All pretrial proceedings in this case were

_____

[1]Plaintiffs originally named three correctional officers as Defendants in addition to the presently named Defendants but dropped them from their Amended Complaint.

referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.    FACTUAL ALLEGATIONS

Plaintiffs in this action allege there is a long history of inmate on inmate violence within the SCDC, and, as relevant to this lawsuit, at MCI, where Defendant Cartledge previously served as Warden and Defendant Stephan currently serves as Warden.  Am. Compl. ¶¶ 8-14.  Plaintiffs allege that Cartledge and Stephan were

> charged with the management of all staff regarding hiring, training, promotion, discipline, evaluation and firing; maintaining a safe working environment; monitoring compliance with all state policies and procedures; overseeing prison programs in education, mental health and infirmary; enforcing rules, regulations, policies, and laws regarding incarceration and employee conduct; enforcing policies regarding intake, classification, treatment programs and discipline; maintaining a proper system for the proper care, humane treatment, feeding, clothing, and safety of inmates.

Am. Compl. ¶¶ 8-9.  Each Plaintiff alleges that he has suffered stabbing wounds at the hands of other inmates in separate incidents.  Am. Compl. ¶¶ 26, 43, 54, 67, 77.  The first alleged stabbing occurred in September of 2015, while the other four occurred within a four-month period between May and September of 2017.  Am. Compl. ¶¶ 19, 41, 51, 64, 76.  Plaintiff Korrell Battle was stabbed by other inmates on two separate occasions in May of 2017.  Am. Compl. ¶¶ 43, 54.  Plaintiffs allege that each of the incidents occurred when the correctional officers on duty were absent from the wing and, in some cases, had failed to lock cell doors in violation of SCDC's policies and procedures.  Am. Compl. ¶¶ 24, 44, 53, 57, 68, 78.  Plaintiffs allege that their injuries "are the direct and proximate result of Defendant SCDC, Defendant Warden Cartledge, Defendant Warden Stephan, and [a] Correctional Officer []'s, acting as an agent, employee and/or servant for Defendant

SCDC, gross negligence in failing to follow SCDC's policies and procedures." Am. Compl. ¶¶ 39, 49, 62, 74, 89. Plaintiffs also allege that their injuries "are a direct and proximate result of the individual actions of Defendant Warden Cartledge and Defendant Warden Stephan's deliberate indifference in violating the Plaintiffs' constitutional [ ] rights pursuant to the United States Constitution." Am. Compl. ¶¶ 40, 50, 63, 75, 90.

## III.    DISCUSSION

Defendants argue that Plaintiff's Amended Complaint presents issues of misjoinder with regards to both the multiple Plaintiffs and the multiple Defendants. Federal Rule of Civil Procedure 20 addresses joinder of both plaintiffs and defendants. With respect to plaintiffs, the rule allows that "persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20(a)(1)(A). With respect to defendants, the rule allows that "persons . . . may be joined in one action as defendants if any right to relief asserted against them is jointly, severally, or in the alternative with respect to or arising our of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20(a)(2)(A). As to both plaintiffs and defendants, the rule also requires that "any question of law or fact common to all [plaintiffs or defendants] will arise in the action." Fed.R.Civ.P. 20(a)(1)(B) and Fed.R.Civ.P. 20(a)(2)(B).

Federal Rule of Civil Procedure 21 provides a mechanism to correct misjoinder or non-joinder of parties and states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 21. Although Federal Rule of Civil Procedure 21 does not contain a clear definition of misjoinder, federal courts have uniformly held that misjoinder occurs when a single party or multiple parties fail

to satisfy the conditions for permissive joinder set forth in Federal Rule of Civil Procedure 20(a). See Hanna v. Gravett, 262 F.Supp.2d 643, 647 (E.D.Va.2003) (citing Olan Mills, Inc. of Tennessee v. Enter. Publ'g Co., 210 F.2d 895, 896 (5th Cir.1954); Epstein v. Kemper Ins. Cos., 210 F.Supp.2d 308, 320 (S.D.N.Y.2002); and Carbon Fuel Co. v. USX Corp., 867 F.Supp. 414 (S.D.W.Va.1994)). Federal Rule of Civil Procedure 21 thus "applies when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact." John S. Clark Co. v. Travelers Indem. Co. of Illinois, 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004) (citing 7 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1655, at 420–21 (3d ed.2001)).  A district court possesses broad discretion in ruling on a requested severance under Rule 21. Hanna, 262 F. Supp. 2d at 647 (citing Saval v. BL, Ltd., 710 F.2d 1027, 1031-32 (4th Cir. 1983)).

Courts consider four factors in evaluating severance under Fed.R.Civ.P. 21: (1) whether the issues sought to be severed are "significantly different from one another," (2) whether the issues require different witnesses and evidence; (3) whether the "party opposing severances will be prejudiced;" and (4) "whether the party requesting severance will be prejudiced if the claims are not severed." Todd v. Cary's Lake Homeowners Association, 315 F.R.D. 453, 459 (D.S.C. 2016) (internal citations omitted).

The "transaction or occurrence" test "generally proceeds on a case by case basis." Saval, 710 F.2d at 1031.  Defendants argue that severance is necessary because Plaintiffs' complaint involves seven individual Plaintiffs each alleging multiple, separate, and unrelated incidents that occurred over the course of at least ten months.  Plaintiffs argue that each of their alleged incidents stem from the same improper actions and common practices by the same Defendants.  Plaintiffs allege a history

or pattern of inmate on inmate violence within MCI. Plaintiffs allege that Defendants have all contributed to the "culture" found at MCI where the issue of inmates' access to weapons is not properly addressed, inmates who are found to be in possession of weapons suffer no or insubstantial consequences, and correctional officers who violate SCDC policy by leaving their post or failing to secure cell doors are likewise face little to no consequences.

However, these broad similarities in Plaintiffs' claims are insufficient to label each Plaintiff's claim as part of the same transaction or occurrence. In Gregory v. FedEx Ground Package System, Inc., No. 2:10-cv-630, 2012 WL 2396873, *10-11 (E.D.Va. May 9, 2012), report and recommendation adopted sub nom. Gregory v. Fedex Ground Packaging Sys. Inc., No. 2:10CV630, 2012 WL 2396861 (E.D. Va. June 25, 2012), the court held that severance of the plaintiffs' claims was proper where the plaintiffs alleged that a company-wide policy violated the Fair Labor Standards Act by depriving them of overtime wages, but each of the plaintiffs worked at different branches under different supervisors of the same company. The court noted that "[a]lthough common issues of law pervade Plaintiffs' complaint, the factual dissimilarities are myriad," such that it could not conclude that the plaintiffs' claims arose out of the same transaction or occurrence or series of transactions or occurrences. Id.; see also, Saval, 710 F.2d at 1032 (where "cars were purchased at different times, were driven differently, and had different service histories" the district court did not abuse its discretion "in determining that the allegedly similar [automotive] problems did not satisfy the transaction or occurrence test").

In the present case, the only true factual similarity among the stabbings at issue is that they occurred at MCI. The facts as alleged fail to show that the stabbings suffered by each Plaintiff occurred at the same time, on the same wing, by the same inmates, in the same manner, or under the

same circumstances. Not even the warden is the same for all of the incidents. Thus, Plaintiff's claims are not part of the same transaction or occurrence. In <u>Gregory</u>, the court noted that "this case requires the fact-finder to examine the way in which FedEx managers treated ten different employees at four different terminals before reaching the question of whether any of [the defendant's] conduct was wrongful." <u>Id.</u> at *12 (citing <u>Acevedo v. Allsup's Conveniences Stores, Inc.</u>, 600 F.3d 516, 522 (5th Cir.2010)). Likewise, in the present case, the fact-finder must first examine the conduct of each correctional officer in charge at the time of each stabbing before determining whether Defendants violated Plaintiffs' constitutional rights. Plaintiffs and Defendants will have to present different witnesses and different evidence for each claim asserted and defended because they involve separate actors, witnesses, and alleged perpetrators.

Plaintiffs argue that severing their claims will be prejudicial to all parties because they will have to respond to multiple sets of identical discovery requests, and be deposed in multiple cases on the same issues. However, parties can agree to conduct joint discovery to eliminate these issues.

In sum, given the factual differences between each Plaintiff's allegations in this case, they are not part of the same transaction and occurrence, and severing each Plaintiff's claim into a separate action is appropriate under Fed.R.Civ.P. 21.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Sever (ECF Nos. 5, 12, 16) are **GRANTED**.

 s/Thomas E. Rogers, III
 Thomas E. Rogers, III
 United States Magistrate Judge

September 28, 2018
Florence, South Carolina