IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kaseem Stephens,<br><br>         Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections; Warden Leroy Cartledge, *individually and in his official capacity as warden of McCormick Correctional Institution*; Warden Michael Stephan, *individually and in his official capacity as warden of McCormick Correctional Institution*,<br><br>         Defendants. | C/A No. 4:17-3482-JFA<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

### I. INTRODUCTION

Plaintiff Kaseem Stephens ("Plaintiff" or "Stephens") filed this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq*. (ECF No. 9). Although this case was originally a multi-Plaintiff action removed to federal court from the McCormick County Court of Common Pleas on December 28, 2017, the cases were later severed into separate actions. (ECF No. 1; 30). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to the Magistrate Judge.

This matter is before the Court on the Motion for Summary Judgment (ECF No. 69) by South Carolina Department of Corrections ("SCDC"), Warden Leroy Cartledge ("Cartledge"), and Warden Michael Stephan ("Stephan") (collectively, "Defendants"). Plaintiff filed a Response in Opposition (ECF No. 72) and Defendants timely filed their Reply. (ECF No. 73). The Magistrate

Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") (ECF No. 74) and opines that Defendants' motion for summary judgment (ECF No. 69) should be granted in part and denied in part. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and the Court incorporates those facts and standards without a recitation.

The parties were advised of their right to object to the Report, which was entered on the docket on July 22, 2020. (ECF No. 74). On August 4, 2020, Defendants timely filed Objections (ECF No. 75),[2] and Plaintiff filed a Reply on August 18, 2020. (ECF No. 77). Thus, this matter is ripe for the Court's review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

[2] The Report recommends granting summary judgment as to the claims against Stephan and Defendants do not object.

only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.     DISCUSSION

This action arises from an alleged inmate-on-inmate attack that occurred at McCormick Correctional Institution ("McCormick"). Although the Magistrate Judge provides a thorough

recitation of the facts which is incorporated by reference, a brief summary is necessary to address Defendants' objections.

Plaintiff was an inmate incarcerated at McCormick when, on or about November 19, 2015, he was allegedly stabbed "multiple times" after other inmates entered his room and demanded his cell phone. (ECF No. 9). The attack occurred after SCDC personnel informed Plaintiff that "someone had threatened to kill him" and moved Plaintiff into another cell and then to another wing. (*Id*). Plaintiff states he declined Defendant Cartledge's offer of protective custody because "no one could tell him what the real threat to him was" and he did not want to be locked up in his room for twenty-three hours a day. (*Id*). Plaintiff alleges that Correctional Officer Goldman did not lock his room and left the wing without being relieved, in violation of Defendant SCDC's policies and procedures.[3] (*Id*). Several inmates subsequently entered Plaintiff's room, where he was "stabbed in the right side of his face, severing his right ear" as well as being stabbed in the spine, leaving him permanently paralyzed. (*Id*).

Plaintiff alleges he sustained significant injuries from the attack but did not receive the medical treatment promised by prison officials following his discharge from the hospital. (*Id*). He further alleges that these injuries were the direct result of SCDC's gross negligence by failing to employ sufficient correctional officers or to enforce sufficient training policies and procedures, as well as the result of Cartledge's and/or Stephan's gross negligence by failing to ensure that correctional officers complied with the existing SCDC policies and procedures. (*Id*).

In the amended complaint, Plaintiff alleges four causes of action: (1) injunctive relief pursuant to S.C. Code Ann. § 15-43-30 and 42 U.S.C. § 1983; (2) deliberate indifference against

---

[3] It is unclear the temporal proximity of the events alleged in this paragraph. In other words, there is no clarification of whether all of the events alleged occurred on the same day or over a period of time prior to the assault at issue.

Cartledge "and/or" Stephan pursuant to § 1983; and (3) failure to implement appropriate policies, customs, and practices against Cartledge "and/or" Stephan pursuant to § 1983; and (4) violation of the SCTCA against SCDC. Additionally, Plaintiff seeks relief under the "the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution." (ECF No. 9). The claims against Cartledge and Stephan are brought against each in his individual and official capacities. Cartledge, Stephan, and SCDC here jointly move to dismiss all claims on summary judgment.

The Court conducted a *de novo* review of the record on summary judgment, in light of Defendants' objections to the Report (ECF No. 75), and finds that the Magistrate Judge ably addressed the issues in a comprehensive forty-five-page Report, correctly determining that Defendants' motion should be granted in part and denied in part. For the reasons set forth below, the Court adopts the Report as the order of the Court and therefore, Defendants' motion for summary judgment is granted in part and denied in part.

### a. Eleventh Amendment Immunity

The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment based on Plaintiff's § 1983 claim for injunctive relief against Defendants and § 1983 claim for monetary damages against Cartledge and Stephan in their official capacities because the Eleventh Amendment bars these claims. Defendants did not file objections on this ground and in Plaintiff's reply to Defendants' objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the Court adopts the Report and grants Defendants' motion for summary judgment based on Plaintiff's § 1983 claim for injunctive

5

relief against all Defendants and Plaintiff's § 1983 claim for monetary damages against Cartledge and Stephan in their official capacities because the Eleventh Amendment bars these claims.

### b. Constitutional Claims against Defendants Cartledge and Stephan

The Magistrate Judge recommends granting Defendants' motion for summary judgment on Plaintiff's claims for violation of his Fifth and Fourteenth Amendment rights. Plaintiff alleges Cartledge and Stephan acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. (ECF No. 9). Plaintiff's claims are based on allegations of deliberate indifference and failure to adequately train and supervise SCDC employees. However, as the Report sets out, Plaintiff is a state prisoner, not a pretrial detainee, and as such his claims implicate the Eighth Amendment's protection against cruel and unusual punishment, not the Fourteenth Amendment's requirement of due process.

Defendants did not file objections on this ground and in Plaintiff's reply to Defendants' objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Therefore, the Court adopts the Report on this ground and grants Defendants' motion for summary judgment based on Plaintiff's claims for violation of his Fifth and Fourteenth Amendment rights.

The Magistrate Judge further recommends that the Court deny Defendants' motion for summary judgment based on Plaintiff's Eighth Amendment claims against Defendant Cartledge. In the amended complaint, Plaintiff alleges that Defendant Cartledge acted in a grossly negligence manner and with deliberate indifference by allowing uncontrolled violence in the correctional institution, failing to provide protection and security for the Plaintiff, and allowing inmates to have

dangerous weapons. Additionally, Plaintiff alleges Defendant Cartledge failed to adequately train and supervise SCDC employees, and he "implicitly or explicitly, adopted and implemented careless and reckless policies, customs, and practices, including . . . failing to prevent inmates from obtaining and possessing dangerous weapons." (ECF No. 9).

Defendants filed objections to the Report on this ground—discussed *infra*—disagreeing with the Magistrate Judge's determination that summary judgment is improper on the basis that Plaintiff failed to present sufficient evidence.

### c. Plaintiff's State Law Claims for Violation of SCTCA

The Magistrate Judge concluded the Eleventh Amendment does not bar Plaintiff's state law claims against Defendant SCDC. The Magistrate Judge explained that "by voluntarily removing a case to federal court, a defendant waives any immunity from suit in federal court with respect to any claims it otherwise would have been subject to in state court." *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S 613, 619 (2002). In other words, the Eleventh Amendment does not provide Defendant SCDC with immunity because it would have been subject to the same claims in state court pursuant to the SCTCA. The Court agrees with the Magistrate Judge's conclusion and finds the Eleventh Amendment does not bar Plaintiff's state law claims against Defendant SCDC.

The Court adopts the Report's recommendation that summary judgment should be denied as to Plaintiff's state law claims for negligence and gross negligence against SCDC. Defendants did not file objections on this ground and in his reply to Defendants' objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Therefore, the Court adopts the Report and

Recommendation and denies Defendants' motion for summary judgment as to Plaintiff's state law claims for violation of the SCTCA.

### d. State Law Claim for Injunctive Relief

Because SCDC voluntarily removed this case to federal court and South Carolina has consented to suit for tort claims filed against it in state court, the Magistrate Judge opines SCDC is subject to suit in this Court for the state law claims asserted against it. The Magistrate Judge recommends Plaintiff's claim for injunctive relief under state law proceed against SCDC.[4] In their objections, Defendants argue that the Magistrate Judge fails to explain how Plaintiff lacks an adequate remedy at law or will suffer irreparable harm if the injunction is not issued. Defendants also assert the Report errs in concluding that Plaintiff's request for injunctive relief is not mooted by his transfer to a different correctional institution.

Defendants presented identical arguments in their motion for summary judgment, and the Magistrate Judge has already addressed these thoroughly. As to Plaintiff's alleged failure to establish an adequate remedy at law, the Magistrate Judge explained that monetary damages are not an adequate remedy because Plaintiff's allegations involve the alleged inadequate safety and security within SCDC. When considering the evidence in the record, the Court agrees with Plaintiff's argument that monetary damages cannot replace Plaintiff's potential loss of life due to the potential threat to his safety he faces while incarcerated in an SCDC institution.

For this same reason, Plaintiff's transfer to another SCDC correctional institution does not moot his claim. He still faces a potential risk of harm regardless of the institution in which he is incarcerated because each institution in South Carolina is controlled by Defendant SCDC. The Magistrate Judge points to the Roth Report as persuasive evidence that the alleged lack of adequate

---

[4] Given that Cartledge and Stephan are no longer employed at McCormick, there is no basis for Plaintiff's state law claim for injunctive relief to proceed against them.

staffing and incidents of contraband and assaults may not just be issues at McCormick, but rather, at all thirteen SCDC institutions. Therefore, the Court adopts the Report and Recommendation and denies Defendants' motion for summary judgment as to his state law claim for injunctive relief against Defendant SCDC.

### e. Defendants' Objections

Defendants contend the Magistrate Judge erred in finding summary judgment improper because: (1) there is evidence that Defendants offered Plaintiff protective custody, (2) Plaintiff has failed to provide sufficient evidence to support his claims, (3) Plaintiff is not entitled to injunctive relief, and (4) Plaintiff has failed to provide sufficient evidence to support any medical treatment claim against SCDC. (ECF No. 75). Having addressed Defendants' arguments on injunctive relief above, the Court turns to the remaining objections.

Defendants first posit "Any offer of protective custody invalidates any federal or state law claim based on alleged deliberate indifference or gross negligence." (ECF No. 75). No citation is provided for this unqualified assertion. Defendants presented identical arguments in their motion for summary judgment and the Magistrate Judge has already addressed these arguments thoroughly. The Court finds that Defendants' objection is improper and does not warrant *de novo* review. However, to the extent that Defendants' objection is considered, the Court finds it unpersuasive.

In *Stewart v. Johnson*, the defendants argued the plaintiff's grievances did not make them subjectively aware of a serious and substantial threat to his safety because he specifically asked *not* to be placed in protective custody. 2020 WL 6119895, at *9 (S.D. Ga. Oct. 16, 2020). Where it was undisputed that the plaintiff affirmatively made a request *against* administration segregation

9

or protective custody, the defendants asserted that, because of this request, a reasonable juror could come to only one conclusion: the plaintiff did not face a serious risk of harm. *Id.*

However, the court concluded that just because an undisputed fact gives rise to a possible conclusion does not mean that summary judgment is warranted when other evidence in the record weighs against that conclusion. *Id.* The Court reaches the same conclusion in the case at bar. The summary judgment standard requires evidence to be construed in the light most favorable to the nonmovant—here, Plaintiff. Plaintiff's request against protective custody ultimately goes to Plaintiff's credibility and is properly left for the jury. Summary judgment is therefore not appropriate on this basis.

Among their objections, Defendants next submit there is insufficient evidence to defeat summary judgment as to Plaintiff's claims against Cartledge and SCDC. (ECF No. 75). In support of this contention, Defendants assert the "pieces of evidence relied upon by the Magistrate do not establish sufficient notice as to Defendants." (*Id.*). Specifically, Defendants take issue with the Magistrate Judge's reliance on the Roth Report and prior inmate-on-inmate assaults at McCormick.

Defendants' objection restates the arguments set forth in Defendants' summary judgment briefing. Objections which merely restate arguments already presented to and ruled on by the magistrate judge do not constitute specific objections. *See Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012). Additionally, objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-

2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). However, out of an abundance of caution, the Court will address those arguments.

The Court disagrees with Defendants' position challenging the weight of the Roth Report in the summary judgment calculus. The Magistrate Judge does not improperly use the Roth Report as conclusive evidence but rather, uses it as support in denying Defendants' motion because it creates a genuine dispute as to whether Defendants were aware of the alleged understaffing issues and whether those issues contributed to Plaintiff's attack. Therefore, the Court finds the Magistrate Judge's reliance on the Roth Report is proper and overrules Defendants' objections.

Defendants' objections further posit that "prior inmate on inmate assaults are insufficient to defeat Defendants' summary judgment motion on the Plaintiff's claim of supervisory liability." (ECF No. 75). Defendants also argue the Magistrate Judge imposed an improper "general notice" standard on Plaintiff's claims of gross negligence and deliberate indifference. (*Id.*). The Court first notes that Defendants' objection fails to cite or otherwise reference where in the Report the Magistrate Judge imposes such standard. *States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (objections must be specific and particularized in order to direct the attention of the district court to "only those issues that remain in dispute after the magistrate judge has made findings and recommendations"). Defendants' objection is improper and does not warrant *de novo* review.

However, to the extent the objection is considered, Defendants' argument misses the mark. The Magistrate Judge never imposed a general notice standard or strict liability upon Defendants. In fact, the Magistrate Judge made clear that the Supreme Court has outlined two requirements for an Eighth Amendment failure to protect claim. First, "a prison official's act or omission must result

11

in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, the prison official must have a "sufficiently culpable state of mind," *id*., meaning the official either purposefully caused the harm or acted with "deliberate indifference," *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991). A prison official demonstrates deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834.

Further, the Magistrate Judge explained that Plaintiff could establish a genuine issue of material fact as to Defendant Cartledge's deliberate indifference by showing that a "substantial risk of serious harm was longstanding, pervasive, and well-documented before the attack on him occurred." *Wynn v. Perry*, 2018 WL 1077321, at 28 (W.D.N.C. Feb. 27, 2018). Here, Plaintiff has sufficiently demonstrated, through the Roth Report, that he was subject to a substantial risk of serious harm that was longstanding, pervasive, and well documented before his attack on or about November 19, 2015.  Specifically, the Magistrate Judge refers to the Roth Report which revealed "McCormick was severely understaffed during the relevant time period, thereby curtailing the ability of SCDC employees to adequately monitor the inmates and address incidents of contraband and assault." Additionally, the Roth Report considered the impact of staffing levels on incidents of assault at McCormick, noting that "overall assaults occur at a higher than acceptable level." The Magistrate Judge took special care to walk through the evidence Plaintiff presented in order to demonstrate that there is a genuine dispute of material fact as to Defendant Cartledge's deliberate indifference to a threat to Plaintiff's safety.

Defendants' final argument on this point is that the Magistrate Judge's reasoning implies that Defendants would be found grossly negligent or deliberately indifferent any time an inmate was assaulted and McCormick was not fully staffed. The Court finds this argument unpersuasive.

The argument suggests Plaintiff's attack was an isolated incident that occurred when McCormick happened to be lacking a full complement of correctional officers. However, Plaintiff's evidence indicates otherwise. As the Magistrate Judge states, Plaintiff was attacked on or about November 19, 2015 and in that same year there were seventeen (17) incidents of inmate-on-inmate assaults and fifty-three (53) weapon-related incidents at McCormick. Further, the Roth Report stated that beginning in 2015, McCormick experienced a decline in staffing levels that continued through 2017, with an increase on inmate-on-inmate assaults between 2015 and 2017. Defendants' argument that Defendants would be found grossly negligent or deliberately indifferent any time an assault occurred is inconsistent with the facts of this case.

Viewing the evidence in the light most favorable to Plaintiff, the Magistrate Judge found the Roth Report creates an inference that the risk of harm to inmates at McCormick prior to Plaintiff's assault on or about November 19, 2015 was longstanding, pervasive, and well-documented. Contrary to Defendants' assertion, the Magistrate Judge properly used these conclusions to find a genuine issue of material fact such that summary judgment would be improper. Defendants' objection is overruled.

The basis of Defendants' fourth objection is a request to the Court for disambiguation as to the Report's resolution of a particular claim:

> Finally, the Report and Recommendation concluded that the Plaintiff's medical treatment claim against Defendant Cartledge should be dismissed. It is unclear whether the Magistrate recommended that Plaintiff's medical treatment claim against SCDC also be dismissed as Plaintiff has offered insufficient evidence to support the continuation of any medical treatment claim. Defendants seek clarification on this point.

(ECF No. 75). Plaintiff's reply (ECF No. 77) defends this claim. However, the claim addressed by the Report is distinct from the medical claim asserted by Plaintiff against SCDC in the amended

13

complaint. (ECF No. 9). The claim of deliberate indifference to serious medical need is among the specific constitutional claims alleged against Cartledge and Stephan and is addressed thoroughly in the Report, but a corresponding claim is not evaluated with specificity against SCDC . (ECF No. 74). Nonetheless, the Court notes "fail[ure] to provide necessary, appropriate and proper medical" care *is* among Plaintiff's allegations of negligence and gross negligence against SCDC in the amended complaint. (ECF No. 9). Accordingly, the Court infers from the Report that insofar as the claims pertaining to an alleged lack of medical treatment rendered to Plaintiff are part of the claims of negligence and gross negligence pursuant to the SCTCA against SCDC and discrete from Plaintiff's § 1983 claim for deliberate indifference to his serious medical needs against Cartledge and Stephan, the Magistrate Judge recommends summary judgment should be denied. Therefore, the Court adopts the Report on this ground.

  **f. Qualified Immunity**

This case is one of the numerous actions assigned to the Magistrate Judge for pretrial proceedings that have been filed by Plaintiff's counsel concerning inmate violence and understaffing at the South Carolina Department of Corrections. *See*, *e.g*. *Battle v. SCDC et al*., 2:18-cv-719-TMC-MGB; *Dexter Crawford v. SCDC, et al*., 6:18-cv-2407; *Craig Ellerbe v. SCDC, et al*., 6:19-cv-96; *Jamarcus Murray v. SCDC, et al*., 6:19-cv-100. The Court takes notice that many of these cases are on interlocutory appeal to the Fourth Circuit Court of Appeals on the issue of qualified immunity where defense counsel failed to object to the Report's denial of qualified immunity and therefore, the Magistrate Judge's recommendation on that subject did not warrant *de novo* review by the district court.

  In the case at bar, the Magistrate Judge determined that Defendant Cartledge is not entitled to qualified immunity because there is a genuine issue of material fact as to whether Defendant

Cartledge violated Plaintiff's clearly established rights. Defendants did not object to the Magistrate Judge's recommendation on qualified immunity. Therefore, the Court denies summary judgment with respect to Defendant Cartledge's claim of qualified immunity

## IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the thorough Report and Recommendation, and the objections thereto, the Court adopts the Report and Recommendation in full. (ECF No. 74). Defendants' Motion for Summary Judgment is therefore granted in part and denied in part. (ECF No. 69). Specifically, the Court adopts the Report and denies Defendants' Motion for Summary Judgment on the following grounds: (1) Plaintiff's § 1983 claims brought against Defendant Cartledge in his individual capacity for failure to protect, supervisory liability, and failure to train; and (2) Plaintiff's state law claims for negligence, gross negligence, and injunctive relief against SCDC. Additionally, the Court adopts the Report and grants Defendants' Motion for Summary Judgment as to the remainder of Plaintiff's claims, which are dismissed with prejudice.

This case will be set for trial for the May/June 2021 term of court with jury selection on Friday, May 7, 2021 and trial beginning on May 24, 2021. The Court will issue a scheduling order setting forth the pretrial obligations of the parties for matters such as exhibits, witness lists, and motions in limine. The deadlines in the forthcoming trial schedule are all required in the Local Rules for the district and will not be extended.

IT IS SO ORDERED.

March 18, 2021                               Joseph F. Anderson, Jr.
Columbia, South Carolina            United States District Judge